IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ZEPHYRHUB LLC,<br><br>                                    Plaintiff,<br><br>v.<br><br>ANKER INNOVATIONS LTD.,<br><br>                                    Defendant. | Civil Action No. 2:26-cv-96 |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Anker Innovations Ltd. ("Anker" or "Defendant") files this Answer to the Complaint of ZephyrHub LLC ("ZephyrHub" or "Plaintiff"). Except as herein expressly admitted or alleged, Defendant denies each and every allegation contained in the Complaint. Defendant admits that this is a patent infringement action alleging Defendant's infringement of U.S. Patent Nos. 9,864,421 ("the '421 Patent") and 9,997,939 ("the '939 Patent") ("Asserted Patents"). Defendant denies all remaining allegations in the leading paragraph of the Complaint.

### RESPONSE TO PARTIES

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies them.

2.      Defendant admits the allegations in Paragraph 2    .

3.      Defendant admits that it does not maintain a registered agent for service of process in Texas. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

**RESPONSE TO JURISDICTION AND VENUE**

4.    Defendant admits that Plaintiff alleges infringement of "arising under the patent laws of the United States, Title 35, United States Code." Defendant does not contest subject matter jurisdiction only for the purposes of this action. The remaining allegations of Paragraph 4 appear to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations of Paragraph 4, including the allegation that Defendant infringes any Asserted Patent.

5.    Defendant denies the allegations in Paragraph 5 of the Complaint.

6.    Defendant denies the allegations in Paragraph 6 of the Complaint.

7.    Defendant does not contest venue only for the purposes of this action. The remaining allegations of Paragraph 7 appear to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8.    Defendant denies the allegations in Paragraph 8 of the Complaint.

**RESPONSE TO FACTUAL BACKGROUND**

9.    Defendant admits that there is an Exhibit A attached to the Complaint. Defendant admits Exhibit A referenced the United States Patent Nos. 9,864,421 ("the '421 patent"); 9,997,939 ("the '939 patent"); 10,409,757 ("the '757 patent"); 10,673,256 ("the '256 patent"); 10,224,727 ("the '727 patent"); 10,951,055 ("the '055 patent"); 10,574,070 ("the '070 patent"). Defendant denies the remaining allegations in Paragraph 9.

10.    Defendant admits that there is an Exhibit A attached to the Complaint. Defendant denies any remaining allegations in Paragraph 10.

11.     To the extent Paragraph 11 purports to quote from  Exhibit A,  Exhibit A speaks for itself.  Defendant otherwise denies any remaining allegations of Paragraph 11    .

12.     To the extent Paragraph 12 purports to quote from  Exhibit A,  Exhibit A speaks for itself.  Defendant otherwise denies any remaining allegations in Paragraph 12.

13.     To the extent Paragraph 13 purports to describe the contents of Exhibit A, Exhibit A speaks for itself.  Defendant otherwise denies any remaining allegations in Paragraph 13.

14.     To the extent Paragraph 14 purports to describe the contents of  Exhibit A, Exhibit A speaks for itself.  Defendant denies any remaining allegations in Paragraph 14.

15.     To the extent Paragraph 15 purports to describe the contents of  Exhibit A, Exhibit A speaks for itself.  Defendant denies any remaining allegations in Paragraph 15.

16.     Defendant denies allegations in Paragraph 16.

17.     Defendant admits that there is an Exhibit B attached to the Complaint.  Defendant admits that Exhibit B purports to be a delivery confirmation mail. To the extent Paragraph 17 purports to describe the contents of Exhibit B, Exhibit B speaks for itself.  Defendant denies any remaining allegations in Paragraph 17.

18.     Defendant denies allegations in Paragraph 18.

19.     Defendant admits that the Complaint referenced the '421 Patent and the '939 Patent as the "Asserted Patents."  Defendant denies allegations in Paragraph 19.

20.     Defendant denies allegations in Paragraph 20.

**RESPONSE TO COUNT I: DEFENDANT'S INFRINGEMENT OF**
**U.S. PATENT NO. 9,864,421**

21.     Defendant notes that the reference to United States Patent No. 9,986,421 in Paragraph 21 and in the section heading immediately preceding Paragraph 21 appears to be a

3

typographical error and believes that Plaintiff intended to reference United States Patent No. 9,864,421. Defendant admits that U.S. Patent No. 9,864,421 is entitled "Hub Having Complex Power Converters." Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 21 and therefore denies the allegations.

22.     Defendant denies allegations in Paragraph 22.

23.     Defendant denies allegations in Paragraph 23.

24.     Defendant admits that the photograph included in Paragraph 24 appears to be Defendant's product packaging for the Anker 341 USC-C Hub. To the extent Paragraph 24 purports to describe or quote the contents of Defendant's product packaging, Defendant's product packaging speaks for itself. The remaining allegations of Paragraph 24 appear to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations of Paragraph 24.

25.     The allegations of Paragraph 25 appear to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 25.

26.     The allegations of Paragraph 26 appear to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26.

27.     The allegations of Paragraph 27 appear to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27.

28.     The allegations of Paragraph 28 appear to state legal conclusions to which no

response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 28.

29.    The allegations of Paragraph 29 appear to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 29.

**RESPONSE TO COUNT II: INFRINGEMENT OF U.S. PATENT NO. 9,997,939**

30.    Defendant admits that U.S. Patent No. 9,997,939 (the '939 patent") is entitled "Hub."  Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 30 and therefore denies the allegations.

31.    Defendant denies allegations in Paragraph 31.

32.    Defendant admits that the photograph included in Paragraph 32 appears to be Defendant's product packaging for the Anker 341 USC-C Hub. To the extent Paragraph 32 purports to describe or quote the contents of Defendant's product packaging, Defendant's product packaging speaks for itself. The remaining allegations of Paragraph 32 appear to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations of Paragraph 32.

33.    The allegations of Paragraph 33 appear to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 33.

34.    The allegations of Paragraph 34 appear to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 34.

35.    The allegations of Paragraph 35 appear to state legal conclusions to which no

response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 35.

36.     The allegations of Paragraph 36 appear to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 36.

37.     The allegations of Paragraph 37 appear to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 37.

38.     The allegations of Paragraph 38 appear to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 38.

39.     The allegations of Paragraph 39 appear to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 39.

40.     The allegations of Paragraph 40 appear to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 40.

41.     The allegations of Paragraph 41 appear to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 41.

### RESPONSE TO ACTS OF INFRINGEMENT

42.     Defendant denies allegations in Paragraph 42.

43.     Defendant denies allegations in Paragraph 43.

44.    Defendant denies allegations in Paragraph 44.

45.    Defendant denies allegations in Paragraph 45.

46.    Defendant denies allegations in Paragraph 46.

47.    Defendant denies allegations in Paragraph 47.

48.    Defendant denies allegations in Paragraph 48.

49.    Defendant denies allegations in Paragraph 49.

## RESPONSE TO FURTHER ASSERTIONS INVOLVING ALL CLAIMS

50.    Paragraph 50 alleges legal conclusions to which no response is required.

51.    The allegations of Paragraph 51 appear to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 51.

52.    Defendant denies allegations in Paragraph 52.

53.    Defendant denies allegations in Paragraph 53.

54.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and therefore denies them.

## RESPONSE TO DEMAND FOR JURY TRIAL

Plaintiff's demand for a jury trial does not require a response.

## RESPONSE TO PRAYER

Defendant denies that Plaintiff is entitled to any relief from Defendant and denies all the allegations contained in Paragraphs 1-11 of Plaintiff's Prayer.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses without altering the applicable burdens of proof. Defendant reserves the right to amend its currently pled defenses and/or assert additional defenses

7

as they become apparent through discovery.

1.      Defendant has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patent Nos. U.S. Patent Nos. 9,864,421 ("the '421 Patent") and 9,997,939 ("the '939 Patent") ("Asserted Patents"), whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

2.      The claims of the Asserted Patents are invalid and/or unenforceable at least because they fail to meet one or more of the requirements or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112 and the doctrine of non-statutory obviousness type double patenting.

3.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

4.      Plaintiff's claims for relief are statutorily limited in whole or part by Title 35 of the United States Code, including without limitation 35 U.S.C. § 286 and/or 35 U.S.C. § 287.

5.      Plaintiff's claims are barred, in whole or part, by prosecution history estoppel and disclaimer. ZephyrHub is estopped, and has disclaimed claim scope, based on statements representations, and/or admissions made to the Patent Office during prosecution of any patent application leading to the issuance of the Asserted Patents

6.      Plaintiff's claims are barred, in whole or part, by an express or implied license, and/or the equitable doctrines of acquiescence, estoppel, laches, patent misuse, unclean hands, and/or the doctrine of patent exhaustion.

7.      Plaintiff is not entitled to equitable relief because any injury to it is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any claims it asserts.

8.      To the extent that any of Plaintiff's allegations of infringement are construed or asserted to be allegations of infringement under the doctrine of equivalents, Plaintiff's claims for

8

relief are limited or barred, in whole or in part, by prosecution history estoppel.

9.      Defendant has not willfully infringed the Asserted Patents because Plaintiff has failed to meet, and cannot meet the requirements for willful infringement, and is thus not entitled to enhanced damages under 35 U.S.C. § 284.

10.     Plaintiff is not entitled to a finding that the case is exceptional and thus cannot claim attorneys' fees under 35 U.S.C. § 285 or pursuant to the Court's inherent power.

11.     Upon information and belief, Plaintiff does not have all, or substantially all, the rights to the Asserted Patents, and lacks standing to bring this action, at least with respect to the right to sue for damages for alleged past infringement.

12.     Plaintiff is not entitled to recover damages for any period before it provided actual or constructive notice of the alleged infringement as required by 35 U.S.C. § 287. To the extent Plaintiff, its predecessors-in-interest, licensees, or other authorized entities made, offered for sale, sold, or imported articles practicing the Asserted Patents without proper marking, Plaintiff's claims for pre-notice damages are limited or barred.

13.     Plaintiff's recovery for alleged infringement of the Asserted Patents, if any, is limited by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 286 and/or 288.

14.     Plaintiff's claims are barred in whole or in part by issue preclusion/collateral estoppel, claim preclusion/res judicata, and/or the Kessler doctrine.

**JURY DEMAND**

Defendant requests a trial by jury on all issues so triable including specifically on Plaintiff's claims and Defendant's defenses thereto.

9

## RELIEF REQUESTED

Defendant respectfully requests the Court enter judgment with respect to Plaintiff's Complaint and Defendant's defenses as follows:

a.      A judgment in favor of Defendant denying Plaintiff all relief requested in its Complaint and dismissing its Complaint with prejudice;

b.      A judgment against Plaintiff finding that Defendant has not and does not infringe and is not liable for any infringement of any valid and enforceable claim of the Asserted Patents;

c.      A judgment against Plaintiff finding that the Asserted Patents are invalid and/or unenforceable;

d.      A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Defendant its reasonable attorneys' fees;

e.      An award of costs to Defendant; and

f.      Such other relief as the Court shall deem just and proper.

Dated: June 15, 2026                          Respectfully submitted,

                                              By:  _/s/ Jason Xu_____
                                              Jason Liang Xu (DC 980531)*
                                              **RIMON P.C.**
                                              1050 Connecticut Ave NW, Suite 500
                                              Washington, D.C. 20036
                                              Jason.xu@rimonlaw.com
                                              (202) 470-2141

                                              *Counsel for Defendant*

                                              *Admitted to the Eastern District of Texas

10

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, the undersigned hereby certifies that, on June 15, 2026, all counsel of record who have appeared in this case are being served with a copy of the above-referenced document via the Court's CM/ECF system.

*/s/ Jason Xu*_____